

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-24-00523-CV

**IN THE INTEREST OF M.R.L.**

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2023-CI-16237
Honorable Marialyn Barnard, Judge Presiding[1]

Opinion by:    Adrian A. Spears II, Justice

Sitting:    Rebeca C. Martinez, Chief Justice
        Adrian A. Spears II, Justice
        H. Todd McCray, Justice

Delivered and Filed: July 29, 2026

REVERSED AND REMANDED

Appellant Charise Gawreluk appeals the trial court's Default Final Order in Suit Affecting the Parent-Child Relationship. She brings the following issues on appeal: (1) the trial court erred in allowing a final default order in a suit affecting the parent-child relationship to be entered in a contested matter without a record being taken by the court reporter; (2) the trial court failed to make a finding as to the best interest of the child; (3) the trial court erred in granting relief that was outside the scope of the pleadings; and (4) the trial court "abused its discretion by ordering child support without any evidence to substantiate net resources nor to follow presumption of minimum

---

[1]The Honorable Marialyn Barnard, former judge of the 73rd Judicial District Court, signed the Default Final Order in Suit Affecting the Parent-Child Relationship. The Honorable Monique Diaz presides over the 150th Judicial District Court.

wage guidelines." Because we agree that the trial court erred in allowing a final default order in a suit affecting the parent-child relationship to be entered in a contested matter without a record being taken, we reverse the trial court's Default Final Order in Suit Affecting the Parent-Child Relationship and remand this cause for a new trial.

The clerk's record reflects that on August 8, 2023, Appellee Trevor Lloyd filed a petition in a suit affecting the parent-child relationship, requesting that both parents be appointed joint managing conservators and that he be appointed the conservator who has the exclusive right to determine the primary residence of the child within Bexar and contiguous counties. Appellant Charise Gawreluk filed a counterpetition, seeking to be appointed the sole managing conservator and requesting no restriction on the geographic area within which she could designate the primary residence of the child.

At 11:09 a.m. on June 14, 2024, Lloyd filed a motion to set the matter for a final hearing on the non-jury docket, requesting that trial be set for July 29, 2024. That same day at 3:51 p.m., Gawreluk's attorney filed a motion to withdraw as her counsel. The motion to withdraw stated that trial was set for July 29, 2024. The motion also notified Gawreluk of the date of the hearing on the motion for withdrawal, and in the certificate of service, Gawreluk's attorney certified that she had served Gawreluk a copy of the motion "by electronic filing manager" at her client's email. Gawreluk did not appear at the hearing on the motion to withdraw, and the trial court granted the motion. The trial court's order allowing Gawreluk's attorney to withdraw states that trial was set for July 29, 2024, and requires Gawreluk's attorney to immediately notify Gawreluk of any additional settings or deadlines.

On July 31, 2024, the trial court signed the Default Final Order in Suit Affecting the Parent-Child Relationship. The default order states the following: (1) the case was heard on July 29, 2024;

(2) Lloyd appeared in person and by attorney; (3) Gawreluk, after being served notice of the final hearing, failed to appear and has defaulted; (4) Lloyd moved for a final order in a suit affecting the parent-child relationship, which was granted; and (5) a "record was waived by the parties with the consent of the court." On August 5, 2024, Gawreluk filed a pro se notice of appeal. On August 29, 2024, Gawreluk filed a pro se motion to set aside the default judgment, which was denied by the trial court.

In her first issue, Gawreluk argues the trial court erred in allowing a final default order in a suit affecting the parent-child relationship to be entered in a contested matter without a record being taken.[2] Section 105.003(c) of the Texas Family Code, titled "Procedure for Contested Hearing," provides that a "record shall be made as in civil cases generally unless waived by the parties with the consent of the court." TEX. FAM. CODE § 105.003(c). Under this section, the trial court, in proceedings involving parent-child relationships, has an affirmative duty to ensure the making of the record of the proceedings unless waived by the parties and "failure to do so constitutes error on the face of the record requiring reversal." *In re Marriage of Aguilar*, No. 07-20-00040-CV, 2021 WL 68683, at *2 (Tex. App.—Amarillo Jan. 7, 2021, no pet.). Here, the record reflects that Gawreluk was not present at trial and was not represented by counsel. Where a party is neither present nor represented by counsel at a hearing affecting the parent-child relationship, the making of a record cannot be waived as to the absent party, and the trial court commits error in consenting to the waiver. *Id.*; *see In re J.W.*, No. 01-18-00932-CV, 2020 WL 573259, at *2 (Tex. App.—Houston [1st Dist.] Feb. 6, 2020, no pet.) (explaining that section 105.003 "places an affirmative duty on the trial court to ensure that the court reporter makes a record of proceedings involving parent-child relationships" and because the appellant was not present at trial and could

---

[2]Appellee did not file a brief.

not waive the making of a reporter's record, error was apparent on the face of the record, requiring a new trial); *Arbogust v. Graham*, No. 03-17-00800-CV, 2018 WL 3150996, at *1 n.2, *2 (Tex. App.—Austin June 28, 2018, no pet.) (holding that appellant, who did not appear at the hearing, could not have agreed to waive a record and that the "absence of a reporter's record constitutes error apparent on the face of the record as a matter of law and requires reversal of the decree and remand for a new trial"). "Although the judgment in question recites that the parties waived the making of a record, [Gawreluk] was neither present nor represented by counsel at the hearing; therefore, the making of the record could not be waived as to [Gawreluk], and the trial court erred in consenting to the wavier of the record." *In re Marriage of Aguilar*, 2021 WL 68683, at *2. "Because a record was not made of the hearing that resulted in the underlying default judgment, error is apparent on the face of the record." *Id.*; *see Thompson v. Thompson*, No. 02-13-00292-CV, 2014 WL 3865951, at *1 (Tex. App.—Fort Worth Aug. 7, 2014, no pet.) (reversing the trial court's default judgment in a suit affecting the parent-child relationship and remanding the cause for a new trial because no reporter's record was made and the appellant, who was not present, could not waive the making of a record). We hold that the trial court erred by failing to ensure pursuant to section 105.003 that a reporter's record was taken at trial and that the error was harmful. *See Thompson*, 2014 WL 3865951, at *2 (explaining that error is harmful because it prevents appellant from properly presenting his appeal). We therefore reverse the trial court's Default Final Order in Suit Affecting the Parent-Child Relationship and remand this cause to the trial court for a new trial.[3]

Adrian A. Spears II, Justice

---

[3]Having sustained Gawreluk's first issue and determined that this cause should be remanded for a new trial, we need not address Gawreluk's remaining issues.